**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF CONTINUING ABATEMENT

Appellate case name:          Timothy Dynell George v. The State of Texas

Appellate case number:      01-15-00128-CR

Trial court case number:     1431234

Trial court:                            185th District Court of Harris County

On October 27, 2015, this appeal was abated for a late-brief hearing for the trial court to determine, among other things, whether the appellant, Timothy Dynell George, still wished to prosecute this appeal and, if so, whether appellant's counsel, Robert T. Wallace, had abandoned his appeal and should be relieved of his duties. On March 10, 2016, a reporter's record for the abatement hearing was filed in this Court. In that hearing, with no appearances by appellant, his counsel, or the State, the trial judge detailed the trial court coordinator's efforts to contact appellant and his counsel over the past several months for the late-brief hearing.

The trial court noted it had discovered that appellant had apparently been released from prison, but a letter sent on March 1, 2016, to appellant's last known address, about the hearing, had been returned to the court as undeliverable, but that if appellant resurfaced, the court will contact him. Also, the trial court noted that the court coordinator had made several attempts to contact appellant's counsel since August 2015, but that no response had been received yet by the court coordinator. However, the trial court did not make any of the findings of fact requested in this Court's October 27, 2015 order regarding whether appellant still wishes to prosecute this appeal, or had abandoned it instead, or whether counsel had abandoned the appeal and should be permitted to withdraw. *See* TEX. R. APP. P. 38.8(b)(4) ("If the trial court has found that the appellant no longer desires to prosecute the appeal, . . . the appellate court may consider the appeal without briefs, as justice may required.").

Accordingly, we sua sponte **abate** the appeal again and **remand** for the trial court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, on the following issues:

(1) make a finding on whether appellant wishes to prosecute this appeal or whether he has abandoned this appeal, detailing the court's efforts to contact him;

(2) make a finding on whether appellant's counsel, Robert T. Wallace, wishes to prosecute this appeal as counsel or whether he has abandoned this appeal, detailing the court's efforts to contact him;

(3) if Robert T. Wallace has abandoned this appeal, enter a written order relieving Robert T. Wallace of his duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent;

(4) make any other findings and recommendations the trial court deems appropriate; and

(5) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

The trial court shall make the appropriate findings and conclusions, and any orders, and shall cause them to be filed with the trial court clerk within **30 days** of the date of this order. We further order the trial court clerk to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law, and any orders, with this Court within **30 days** of the date of this order. *See* TEX. R. APP. P. 34.5(c)(2), (3).

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record, that complies with this Order, is filed in this Court. If the trial court finds that appellant has abandoned this appeal and relieves counsel of his duties, this Court may move forward to decide this appeal without a brief from appellant. *See* TEX. R. APP. P. 38.8(b)(4).

It is so **ORDERED**.

Judge's signature: /s/ <u>Laura Carter Higley</u>
⊠ Acting individually

Date: March 15, 2016